UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAWRENCE E. BLAINE,

    Plaintiff,

v.

WYOMING CITY MANAGER,
a/k/a City of Wyoming, et al.,

    Defendants.

Case No. 1:10-cv-208

Spiegel, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Pursuant to local practice, three pretrial motions in this civil rights case have been referred to the undersigned magistrate judge (*see* Doc. 27), including: 1) Defendant Hamilton County Treasurer's Motion to Dismiss or alternatively, to file its Answer out of time (Doc. 26); 2) Plaintiff's motion for default judgment against Defendant Hamilton County Treasurer (Doc. 32); and 3) the same Defendant's motion to dismiss litigation as moot (Doc. 34).

    **I. Background**

Plaintiff Lawrence E. Blaine initiated this litigation *pro se*, alleging that the Wyoming City Manager and City Council had conspired with the Hamilton County Treasurer to take the property of residents in a historically black area of the City of Wyoming. (Doc. 6 at 3-4). According to Plaintiff, the Wyoming City Manager approached the Hamilton County Treasurer "to transfer any properties that had delinquent taxes, to the City of Wyoming after the City had paid the taxes." (*Id.*). Plaintiff alleges that he felt the impact of this

racially motivated policy shortly after his waterline was disconnected for a repair. Plaintiff alleges that following the repair, the City of Wyoming refused to re-connect the water until he first paid a water bill and/or taxes that were alleged to be past due. Plaintiff claims that he was denied his right to make payment prior to the due date, and that Hamilton County wrongly informed him that he was required to pay a portion of the taxes owed in advance. (*Id*. at 4). Plaintiff alleges that his constitutional rights were infringed upon in violation of 42 U.S.C. §§1982, 1983, and 1985 through the City and County Defendants' actions, and that he suffered damages by being forced to move from the City of Wyoming. (*Id.*). As relief, Plaintiff seeks damages for the alleged violation of his property rights, punitive damages, and court costs. (*Id.* at 5).

On December 9, 2010, Nadia Blaine of The Blaine Law Firm in Wyoming, Ohio entered her appearance on behalf of Plaintiff.[1]

**II. Analysis**

**A. County Defendant's Motion to Dismiss or to File Its Answer Out of Time**

On April 5, 2011, the Court granted Plaintiff's motion to proceed *in forma pauperis* on his complaint, and directed Plaintiff to compete a summons form as to each of the Defendants for service by the United States Marshal. (Docs. 2, 3). On May 10, 2010, summons was issued as to Defendant Hamilton County Treasurer. (Doc. 7). On August 25, 2010, summons was reissued as to the same Defendant. (Doc. 9). In September, that summons was returned executed as to the sole County Defendant, the Hamilton County Treasurer, resulting in Defendant's answer being due September 22, 2010. (Doc. 14).

---

[1] The record does not reflect whether counsel and Plaintiff share any familial relationship.

The "green card" used for certified mail delivery reflects the stamped signature of "T.C. Bird" in the Hamilton County Treasurer's office. (*Id*.). However, no answer was filed by counsel on behalf of the Hamilton County Treasurer until November 19, 2010, approximately two months past the time the answer was due. (Doc. 24). At the same time the answer was filed, the County Defendant moved to dismiss Plaintiff's Complaint based upon failure of timely effective service under Rule 4(m), or alternatively, for leave to file its answer out of time. (Doc. 26).

### 1. Service Under Rule 4

The Hamilton County Treasurer has moved to dismiss under Rule 4(m) for failure to properly serve Robert A. Goering, the person occupying the office of Hamilton County Treasurer, within 120 days of the filing of the complaint. As stated, this Court directed the United States Marshal to effect service after Plaintiff completed a summons listing the Defendant's name as "Hamilton County Treasurer" and identifying that Defendant's office address. However, Ohio Rule of Civil Procedure 4.2(L) states that service upon a county office must be made "by serving the officer responsible for the administration of the office," or "by serving the prosecuting attorney of the county." Because neither Mr. Georing nor the Hamilton County Prosecutor were personally served, Defendant asserts that service was ineffective.

However, Defendant acknowledges that Plaintiff did effect service in conformity with the local practice of serving "Mr. Bird, the clerk in charge of the mail for the Treasurer, on September 1, 2010." (Doc. 26 at 4). Defendant explains that the alleged defect in service on the Treasurer himself occurred due to the failure of persons within the Treasurer's office

3

to send the complaint on to the "proper persons...most likely due to the large amount of mail and litigation handled by the Treasurer's Office." (*Id.*). In light of the admission by the Defendant that Plaintiff timely effected service upon the agent authorized by the Treasurer to accept service on his behalf (his mail clerk), Defendant's motion to dismiss should be denied. *See generally, McCombs v. Granville Exempted Village School Dist.*, 2009 WL 467066 (S.D. Ohio Feb. 24, 2009)(discussing actual and apparent authority to accept service under Ohio law).

The Court also rejects Defendant's argument - as construed by Plaintiff - that dismissal is warranted because service on the Treasurer's office was not effected within the 120 day limit prescribed by Rule 4(m). Plaintiff's complaint was filed April 1, 2010 but he was not granted leave to proceed until April 5, 2010. The original summons was promptly issued May 10, 2010, and summons was re-issued by this Court in August. Because Plaintiff proceeds *in forma pauperis*, service was made at the direction of this Court. To the extent that an extension of the 120 day period was required for the U.S. Marshal to complete service within the prescribed period, it was implicitly granted by this Court. Service was completed on September 1, 2010 and should be considered timely under the circumstances presented.

**2. Leave to File Answer Out of Time**

As an alternative to his motion to dismiss, the County Treasurer seeks leave to file his answer out of time pursuant to the "excusable neglect" provision of Fed. R. Civ. P., Rule 6(b)(1)(B). The Court recommends granting Defendant's request to consider his previously filed answer as if timely filed.

The "excusable neglect" standard is an "equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 113 S. Ct. 1489 (1993).  In *Pioneer*, the Supreme Court found that although mere inadvertence does not ordinarily constitute "excusable neglect" under the rule, the term is a "somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392, 113 S.Ct. 1489 (footnotes omitted).  The Court explained that relevant circumstances included: 1) the danger of prejudice to the opposing party; 2) the length of delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the party seeking to show excusable neglect, and 4) whether that party acted in good faith.  *Id.* at 395.  Here, Defendant persuasively argues with respect to the first two factors that there is no danger of prejudice because this litigation is in its initial stages, and the impact on judicial proceedings is negligible.

Contrary to Defendant's representations, Plaintiff contends that he was prejudiced by the overdue answer because Defendant "continued to pursue a foreclosure action of the property that is the subject of Plaintiff's claims" in this case.  (Doc. 31 at 10).  Plaintiff also argues that pretrial deadlines were agreed to by the parties, such that the impact on this judicial proceeding by the delayed answer is not insignificant.

In Defendant's reply, the Treasurer "agrees to be bound by the dates set forth by the Court's scheduling order," (Doc. 33 at 5), such that there would be absolutely no impact on this judicial proceeding.  In addition, it is evident from Defendant's subsequent motion

5

to dismiss this litigation as moot that the foreclosure action has been resolved in favor of the Plaintiff, due to Plaintiff's redemption of his property through payment of the overdue taxes. Therefore, Plaintiff has demonstrated no significant prejudice or delay from this Court's acceptance of Defendant's belated answer.

In terms of the third *Pioneer* factor, the reason for the delay, Defendant notes that in 2010 the Hamilton County Treasurer "has filed or been named a party in several thousand tax and mortgage" foreclosure suits. (Doc. 26 at 4). Due to the volume of mail associated therewith, Defendant asserts that "the misplacing or oversight of documents is not difficult to imagine." (*Id.*). Defendant argues that he has acted in good faith in that he was simply not aware of the pending action until shortly before he filed his answer. Considering the equities presented, the Defendant's inadvertence in this case warrants an enlargement of time in which to file a timely answer under Rule 6(b). *See Turner v. City of Taylor*, 412 F.3d at 650 (6th Cir. 2005). Although it is true that an attorney must ordinarily show "more than a busy practice or absence from the office" to merit an extension of time, *see Airline Professionals Ass'n v. ABX Air, Inc.*, 109 F. Supp.2d 831, 834 (S.D. Ohio 2000), this case couples the unique circumstances of thousands of foreclosure cases against the same governmental defendant with an honest mistake in delivery of service. Had a default judgment been entered prior to the filing of Defendant's belated answer, the presiding district judge likely would have set aside that default based upon the same facts. *Compare Evers Welding Co., Inc. v. Westchester Surplus Lines Ins. Co.*, Case No. 01:09-cv-945-SAS, 2010 WL 2900405 (July 22, 2010).

### B. Plaintiff's Motion for Default Judgment Against County Defendant

Given this Court's determination that the County Defendant's time to answer should be enlarged and the November 19, 2010 answer accepted as if timely filed, Plaintiff's motion for default judgment against the same Defendant should be denied. Plaintiff did not file his motion for default judgment until January 4, 2011, and no prior entry of default has been recorded by the Clerk of Court. *See generally, e.g.*, Rule 55(a) and (b). As noted by Defendant, the Sixth Circuit has shown a "strong preference to trials on the merits in federal courts" as opposed to entering default judgments. *Shepard Claims Serv., Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986).

### C. The County Defendant's Motion to Dismiss This Litigation As Moot.

The County Treasurer has filed an additional motion to dismiss this litigation on grounds that Plaintiff's claims were "based on the now dismissed foreclosure action." (Doc. 34 at 2). Defendant asserts that "in the eyes of Defendant Goering," Plaintiff's case begins and ends with the state foreclosure action. (Doc. 37 at 1). However, Plaintiff himself characterizes the claims as arising out of "the conspiracy between the Defendants and the resulting harm suffered by the Plaintiff," asserting that the "tax foreclosure method was merely the method used by Defendant in furthering the conspiracy." (Doc. 36 at 3). The allegations of the complaint summarized by this Court at the outset of this R&R support Plaintiff's broader reading of his claims. Plaintiff seeks damages for the alleged violation of his property rights, which he claims (temporarily) forced him to move from his Wyoming residence.

Plaintiff also argues, correctly, that Defendant bears the burden of proving

mootness.  Plaintiff contends that Defendant may re-institute foreclosure proceedings in light of past history, potential collateral consequences arising out of the prior proceedings, and Defendant's statement that the Treasurer will not file another foreclosure action only for so long as Plaintiff's payment of the real estate taxes remains undisputed.

Defendant's motion to dismiss on grounds of mootness should be denied at this time, because the allegations contained in Plaintiff's complaint could be read more broadly than characterized by Defendant, and because Defendant has failed to carry his burden to show that all claims are moot.  However, denial of Defendant's motion should be without prejudice to Defendant's right to file a renewed motion to dismiss on similar or new grounds or before the October 31, 2011 dispositive motion deadline, should such a motion be warranted based upon a more developed record.

### III. Conclusion and Recommendation

Accordingly,  **IT IS RECOMMENDED THAT:**

1.  Defendant Hamilton County Treasurer's motion to dismiss for failure of service (Doc. 26) should be **DENIED** but Defendant's alternative motion for leave to file his answer out of time should be **GRANTED**, with the previously filed answer (Doc. 24) accepted as if timely filed;

2.  Plaintiff's motion for default judgment against the Hamilton County Treasurer (Doc. 32) should be **DENIED**; and

3.  Defendant's motion to dismiss claims against the Hamilton County Treasurer as moot (Doc. 34) also should be **DENIED**.

        *s/ Stephanie K. Bowman*
        Stephanie K. Bowman
        United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LAWRENCE E. BLAINE, | Case No. 1:10-cv-208 |
| Plaintiff, | Spiegel, J.<br>Bowman, M.J. |
| v. | |
| WYOMING CITY MANAGER,<br>a/k/a City of Wyoming, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).